NO. 07-08-0039-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2008
______________________________

FIVE THOUSAND FOUR HUNDRED FIFTY-NINE DOLLARS ($5,459.00),

                                                                                                           Appellant

V.

THE STATE OF TEXAS,

                                                                                                           Appellee
_________________________________

FROM THE 47th DISTRICT COURT OF POTTER COUNTY;

NO. 95,419-A; HON. HAL MINER, PRESIDING
________________________________

MEMORANDUM OPINION
___________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant Jerome Howe filed a notice of appeal on January 14, 2008, from a final
summary judgment signed on October 1, 2007. No motion for new trial or like request
extending the appellate deadline was filed. Consequently, appellant had until October 31,
2007, to file a notice of appeal. He did not do so. Thereafter, we afforded him opportunity
to explain why his notice was untimely and why we had jurisdiction over the appeal. This
resulted in his response informing us that the district clerk did not notify him of the
summary judgment until December 6, 2007. Why he did not perfect his appeal within 30
days of December 6th went unexplained, however. Moreover, the allegations in his
response did not satisfy the requirements of Texas Rule of Civil Procedure 306a(4), which
rule permits the belated perfection of an appeal when neither the litigant or his counsel
garnered notice or knowledge of the final judgment. See Tex. R. Civ. P. 306a(5)
(prescribing the steps that must be satisfied to obtain the benefits of Rule 306a(4)). Given
these circumstances, we cannot but conclude that we lack jurisdiction over the appeal. 
Thus, it is dismissed. 
 
                                                                           Per Curiam



We agree with counsel's conclusion that there is conflicting evidence which could
be indicative of appellant's innocence. However, the jury, as trier of fact, may choose to
believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614
(Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved
conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410
(Tex.Cr.App. 1997). Upon review of the record, we conclude the evidence was factually
sufficient to support appellant's conviction beyond a reasonable doubt.

 We also find that appellant was afforded effective assistance of counsel. See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In his brief, counsel
acknowledges that appellant's trial counsel did not object to hearsay evidence regarding
what M.W. told the police, her grandmother, and her mother about appellant's actions. 
Furthermore, the record reflects that trial counsel may have elicited some evidence that
would be considered harmful to appellant's case. On the other hand, appellant's trial
counsel filed and succeeded on numerous pre-trial motions, conducted proper voir dire,
vigorously cross-examined witnesses, and moved for a directed verdict. Absent evidence
regarding counsel's trial strategy and provided the presumption that trial counsel's conduct
falls within the wide range of reasonable and professional representation, no reversible
error is demonstrated. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett
v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). 

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).